**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNIVERSITY HEALTHSYSTEM CONSORTIUM, <br><br> Plaintiff, <br><br> v. <br><br> UNITEDHEALTH GROUP INCORPORATED, <br><br> Defendant. | CASE NO. 1:13-cv-6683 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, University HealthSystem Consortium, for its Complaint against Defendant, UnitedHealth Group Incorporated, states and alleges as follows:

**NATURE OF THE CASE**

1. This is an action to cease Defendant's unauthorized use of the mark UHC in connection with health care-related services. As a direct result of Defendant's unauthorized use of UHC's UHC trademark, confusion is not only likely, it has already occurred amounting to trademark infringement, false designation of origin, and false advertising, in violation of 15 U.S.C. § 1051 et seq., deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510, and trademark infringement and unfair competition in violation of the common law of the State of Illinois.

**THE PARTIES**

2. Plaintiff University HealthSystem Consortium is an Illinois not-for-profit corporation with its principal place of business at 155 North Wacker Drive, Chicago, Illinois 60606 ("Plaintiff" or "UHC").

3. Upon information and belief, Defendant UnitedHealth Group Incorporated is a Minnesota corporation with a principal place of business at 9900 Bren Road East, MN008-T202, Minnetonka, Minnesota 55343 ("Defendant").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 and pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), because this is a civil action arising under an Act of Congress relating to trademarks. This Court has supplemental jurisdiction over the Illinois state claims pursuant to 28 U.S.C. § 1367(a) because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides in this judicial district, because the claims alleged in the Complaint arose, in part, in this judicial district, and because this Court has personal jurisdiction over Defendant in the Northern District of Illinois.

## FACTS COMMON TO ALL COUNTS

### UHC's Business and Its Trademark Rights in the UHC® Mark

6. University HealthSystem Consortium was formed in 1984 and is an alliance of the nation's leading nonprofit academic medical centers and their affiliated hospitals. Using the mark UHC, UHC offers an array of performance improvement products and services to its members, their related entities, and other program participants in order to foster collaboration and help its members, their related entities, and program participants achieve excellence in quality, safety, and cost-effectiveness.

7.      Since at least as early as 1984, UHC has advertised, marketed, and sold an array of health care-related performance improvement products and services under the house mark UHC in interstate commerce.  Among other services, UHC provides: data and information to allow its members to measure and improve their performance and to accelerate its members' achievement of operational, clinical, and pharmacy excellence; services to its members to assist them in improving quality, safety, and patient care revenue; supply chain optimization services, physician services, and patient safety organization services, as well as strategic research services allowing its members to keep abreast of changes to the health care delivery system; a nursing residency program and nursing care benchmark services; and educational resources.  In addition, Plaintiff facilitates the exchange of information between its members.

8.      UHC's rights in and to the UHC mark are embodied, in part, in the following United States trademark registrations and applications:

(a)     U.S. Registration No. 1,809,491, issued on December 7, 1993, for the mark UHC for "providing management assistance to members of an alliance of university hospitals in providing cost-effective services; group purchasing services; clearinghouse services for information on capital equipment pricing for university hospitals" in International Class 35; "risk management services; financial management services; insurance administration in the field of professional liability insurance services; and capital equipment maintenance insurance services, all provided to members of an alliance of university hospitals" in International Class 36; and "analyzing medical technology, devices and drugs for the purpose of reporting to member hospitals on the features and cost effectiveness of same" in International Class 42 (a copy of the registration certificate for this registration is attached hereto as Exhibit A);

(b) U.S. Registration No. 1,813,976, issued on December 28, 1993, for the mark UHC & Design:



for "providing management assistance to members of an alliance of university hospitals in providing cost-effective services; group purchasing services; clearinghouse services for information on capital equipment pricing for university hospitals" in International Class 35; "risk management services; financial management services; insurance administration in the field of professional liability insurance services; and capital equipment maintenance insurance services, all provided to members of an alliance of university hospitals" in International Class 36; and "analyzing medical technology, devices and drugs for the purpose of reporting to member hospitals on the features and cost effectiveness of same" in International Class 42 (a copy of the registration certificate for this registration is attached hereto as Exhibit B);

(c) U.S. Registration No. 2,817,052, issued on February 24, 2004, for the mark UHC PATIENT SAFETY NET for "online event reporting software tool for electronic data entry of medical errors and adverse events at the point of care" in International Class 9 and "risk management services, namely providing a website where medical personnel may report medical errors and adverse events at the point of care via a global computer network" in International Class 36 (a copy of the registration certificate for this registration is attached hereto as Exhibit C);

(d) U.S. Registration No. 2,817,053, issued on February 24, 2004, for the mark UHC PSN for "online event reporting software tool for electronic data entry of medical errors and adverse events at the point of care" in International Class 9 and "risk management services, namely providing a web site where medical personnel may report medical errors and adverse events at the point of care via a global computer network" in International Class 36 (a copy of the registration certificate for this registration is attached hereto as Exhibit D);

(e) U.S. Registration No. 4,124,311, issued on April 10, 2012, for the mark UHC & Design:



for "non-downloadable computer programs for electronic data entry of medical errors and adverse events at the point of care; non-downloadable computer programs for electronic data entry to support the clinical operation of university hospitals by analyzing patient outcomes and resources applied to said patients to then produce management reports that alert the user to trends, areas of improvements and opportunities to improve patient treatment" in International Class 9; "providing business management assistance to members of an alliance of university hospitals in providing cost-effective services; group purchasing services, namely negotiating contracts with providers of medical services and purchasing medical and hospital supplies for others; providing commercial information on capital equipment pricing for university hospitals; collecting, aggregating, analyzing and providing comparative data, benchmarking, and best practice information to healthcare related groups and their business partners to identify medical,

surgical, pharmacy and other supply item cost savings opportunities, operational and clinical performance improvement, and trends, namely, business administration assistance and consultancy in the field of healthcare operations; business consultation services, namely, providing on-site assistance to academic medical centers to reduce non-labor expenses and improve provider performance, namely, business administration consultancy; providing information and analysis of business information to address strategic business and public policy issues affecting academic medical centers, namely, business research services; business collaboration services, namely, providing a national computer-based networking website for healthcare educators and medical educators to collaborate across disciplines to help improve healthcare provision and reduce costs; business risk management services, namely providing a website where medical personnel may report medical errors and adverse events at the point of care via a global computer network" in International Class 35; "financial management services; insurance administration in the field of professional liability insurance services; and capital equipment maintenance insurance services, all provided to members of an alliance of university hospitals" in International Class 36; "electronic transmission of news and information related to the healthcare field, via computer; providing electronic bulletin boards for transmission of messages among users in the field of healthcare to facilitate the sharing of knowledge and ideas by healthcare providers; communications services, namely, providing electronic transmission of information stored in a database via interactively communicating computer systems containing event reports that detail medical errors and adverse patient outcomes for review and analysis by governmental agencies" in International Class 38; "educational services, namely, conducting courses, classes, seminars and workshops, and on-line classes in the field of medicine to assist practitioners in solving real-life healthcare-related problems; educational services, namely,

conducting courses of instruction in the fields of continuing medical and clinical education, healthcare operations management education, and conducting on-line exhibitions and displays and interactive exhibits in the fields of continuing medical and clinical education, human resource and healthcare operations management education; educational course monitoring, namely, development of curriculum and reporting results on completion rates for courses of instruction by others; educational services, namely, providing a nursing residency program" in International Class 41; "providing temporary use of online non-downloadable computer software to healthcare related groups and their business partners for evaluating and managing medical, surgical, pharmacy and other supply item cost savings opportunities and trends; conducting strategic research studies in the fields of medicine, health care delivery and the scientific aspects of healthcare policy, healthcare cost management and financing as these fields impact on quality of healthcare" in International Class 42; and "providing an online computer database in the field of healthcare and nursing containing information used to track, measure, and benchmark nursing quality among member providers" in International Class 44 (a copy of the registration certificate for this registration is attached hereto as Exhibit E);

     (f)     U.S. Application Serial No. 85/794,010, filed on December 4, 2012, for the mark UHC PRACTICE INTELLIGENCE for "business administration and management services, namely collecting, aggregating, analyzing, and providing comparative data and information to support academic physician medical groups in the areas of productivity, patient billing, budgeting, customer service and operational management" in International Class 35; "software as a service (SAAS), namely, providing a database to academic physician medical groups for evaluating and managing productivity, patient billing, budgeting, customer service, and operational management" in International Class 42; and "providing a database in the field of

academic physician medical group management information" in International Class 44 (a copy of this application is attached hereto as Exhibit F);

  (g) U.S. Application Serial No. 85/794,027, filed on December 4, 2012, for the mark UHC SAFETY INTELLIGENCE for "business risk management services, namely providing a website where medical personnel may report medical errors and adverse events at the point of care via a global computer network" in International Class 35; "software as a service (SAAS), namely, providing a web-based event reporting system and data collection tool for entry of patient event data involving medical errors and adverse events at the point of care, reporting of staff and visitor events, environmental hazards, equipment safety, inappropriate staff behavior and security issues, as well as risk reporting, complaints management, safety alerts and accreditation" in International Class 42; and "providing information in the field of safety, risk and complaints management evaluation to members of an alliance of university hospitals so that members can establish best practices, improvement strategies and analyze policies approved by other members to ensure patient and staff safety" in International Class 45 (a copy of this application is attached hereto as Exhibit G); and

  (h) U.S. Application Serial No. 85/794,066, filed on December 4, 2012, for the mark UHC PERFORMANCE INTELLIGENCE for "business collaboration services, namely, providing a national computer-based networking website for healthcare educators and medical educators to collaborate across disciplines to help improve healthcare provision and reduce costs; collecting, aggregating, analyzing and providing comparative data, benchmarking, producing and distributing analyses and management reports, and best practice information and support to healthcare related groups and their business partners to identify medical, surgical, pharmacy and other supply item cost savings opportunities, operational and clinical performance improvement,

and trends, namely, business administration assistance and consultancy in the field of healthcare operations" in International Class 35 and "software as a service (SAAS), namely, providing a web-based set of comparative data and analytic tools to support the clinical operations of healthcare member institutions and their business partners; providing temporary use of online non-downloadable software to healthcare related groups and their business partners for evaluating and managing medical, surgical, pharmacy and other supply item cost savings opportunities and trends; providing temporary use of online non-downloadable computer programs for electronic data entry to support the clinical operation of university hospitals by analyzing patient outcomes, resources applied to said patients, patient demographics and variations in care to then produce management reports that alert the user to trends, areas of improvements and opportunities to improve patient treatment; providing a web-based computer platform that allows integration of hospital and physician data to monitor patient outcomes and resource utilization for specific medical conditions" in International Class 42 (a copy of this application is attached hereto as Exhibit H).

9. U.S. Registration Nos. 1,809,491, 1,813,976, 2,817,052, and 2,817,053 are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065.

10. The UHC mark has achieved consumer recognition and acceptance as signifying a high quality brand of health care-related goods and services, including various performance improvement products and services, business management services, group purchasing services, strategic research services, and educational services.

11. UHC has expended sizeable resources advertising and promoting its goods and services featuring the UHC mark.

12. As a direct result of the considerable time and effort UHC has invested in promoting its health care-related goods and services featuring the UHC mark, UHC's customers, its competitors, and the relevant consuming public have come to associate the high quality goods and services offered by UHC under the UHC mark with the UHC mark.

13. As a direct result of UHC's use and promotion of the UHC mark, the UHC mark has become a valuable asset of UHC, one which signifies to the consuming public a standard of high quality health care-related goods and services originating exclusively from UHC.

### Defendant's Business and Its Unlawful Conduct

14. Defendant is in the business of promoting, marketing, advertising, offering, and selling health care insurance and other health care-related services.

15. Defendant promotes, markets, advertises, offers, and/or sells its health insurance and health care-related services throughout the United States.

16. Defendant promotes, markets, advertises, offers, and/or sells health insurance and health care-related services under the mark UHC throughout the United States, including in the State of Illinois.

17. Defendant adopted, is using, and intends to continue using the UHC mark despite actual knowledge of UHC's prior use of, and exclusive rights in, the UHC mark.

18. UHC has not consented to, or authorized in any way, Defendant's use of the well known and federally registered UHC mark.

19. For many years before Defendant began use of the identical UHC mark, UHC had used and extensively promoted and marketed the UHC mark in connection with its health care-related goods and services.

20. Long before Defendant began use of the identical UHC mark, UHC's substantial use and advertising of the UHC mark throughout the United States resulted in the UHC mark being associated exclusively with UHC and UHC's high quality goods and services.

21. Defendant's use of the UHC mark in connection with health care-related services has caused confusion, mistake, and deception as to the source of Defendant's services and their affiliation, sponsorship, or endorsement by UHC.

22. Defendant's use of the UHC mark has resulted in confidential patient information intended for Defendant to be sent to UHC.

23. Defendant's use of the UHC mark has resulted in confusion, mistake, and deception as to the source of UHC's services and their affiliation, sponsorship, or endorsement by Defendant. By way of example, members of the consuming public have contacted UHC inquiring as to the status of claims and payment information when such inquiries were properly directed to Defendant.

24. Defendant's use of the UHC mark is likely to cause confusion or mistake or to deceive consumers into thinking that the services advertised and sold by Defendant using the UHC mark are authorized by, or affiliated, connected, or otherwise associated with, UHC.

25. Defendant's use of the UHC mark in connection with health care-related services is likely to cause confusion or mistake or to deceive consumers into thinking that the health care-related services advertised and sold by UHC using the UHC mark are authorized by, or affiliated, connected, or otherwise associated with, Defendant.

26. In willful violation of the Lanham Act, notwithstanding notice of and knowledge of these and other instances of actual confusion in the marketplace, Defendant has and continues to promote, market, advertise, offer, and/or sell health care-related services under the UHC mark

in an attempt to deceive the public and trade off of the substantial goodwill created by UHC in connection with its UHC mark.

27. Defendant's conduct complained of herein has been and is done with the intent to cause confusion, mistake, or deception as to the source or affiliation of the parties' respective goods and services.

28. Defendant has misappropriated UHC's substantial property rights in the UHC mark, as well as the substantial goodwill associated therewith. Unless restrained and enjoined by this Court, such conduct will permit Defendant to gain an unfair competitive advantage over UHC.

29. If Defendant is permitted to continue promoting, marketing, advertising, offering, and selling health care-related services using the UHC mark, UHC will suffer irreparable injury to its goodwill and reputation, for which UHC has no adequate remedy at law.

## COUNT I

### INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK

30. UHC incorporates by reference each and every allegation contained in Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. UHC's use of the UHC mark predates any alleged use by Defendant.

32. Defendant has, without the authorization or consent of UHC, used and intends to continue using in commerce a trademark that is identical to the registered UHC mark in connection with the sale, offering for sale, distribution, and/or advertising of services, and such use is likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of those services.

33. The aforesaid acts of Defendant constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

34. The aforesaid acts of Defendant were committed willfully, with full knowledge of UHC's rights, and with the intention of deceiving and misleading the public and causing harm to UHC.

35. As a direct and proximate result of Defendant's infringement, UHC has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

36. The acts of Defendant complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause UHC to suffer irreparable harm.

## COUNT II

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

37. UHC incorporates by reference each and every allegation contained in Paragraphs 1 through 36 of this Complaint as though fully set forth herein.

38. UHC's use of the UHC mark predates any alleged use by Defendant.

39. Defendant's unauthorized use of the UHC mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant or Defendant's services or commercial activities with UHC or UHC's services or commercial activities, or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by UHC.

40. Defendant's use of the UHC mark is competing unfairly with UHC in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. The aforesaid acts of Defendant constitute false designation of origin and false and misleading descriptions and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. The aforesaid acts of Defendant were committed willfully, with full knowledge of UHC's rights, and with the intention of deceiving and misleading the public and causing harm to UHC.

43. As a direct and proximate result of Defendant's infringing and unlawful acts, UHC has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

44. The acts of Defendant complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause UHC to suffer irreparable harm.

## COUNT III

### FEDERAL FALSE ADVERTISING

45. UHC incorporates by reference each and every allegation contained in Paragraphs 1 through 44 of this Complaint as though fully set forth herein.

46. UHC's use of the UHC mark predates any alleged use by Defendant.

47. Defendant's unauthorized use of the UHC mark, in commercial advertising or promotion, misrepresents the nature, characteristics, or qualities of Defendant's services or commercial activities.

48. Defendant's use of the UHC mark is a false or misleading statement of fact in a commercial advertisement about a product in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49. Defendant's use of the UHC mark in interstate commerce in connection with its health care services has either deceived or has the capacity to deceive a substantial segment of potential consumers, and such deception is material, in that it is likely to influence the consumers' purchasing decisions.

50. The aforesaid acts of Defendant constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. The aforesaid acts of Defendant were committed willfully, with full knowledge of UHC's rights, and with the intention of deceiving the public and causing harm to UHC.

52. As a direct and proximate result of Defendant's infringing and unlawful acts, UHC has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

53. The acts of Defendant complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause UHC to suffer irreparable harm.

## COUNT IV

### VIOLATION OF THE UNIFORM DECEPTIVE TRADE PRACTICES ACT UNDER ILLINOIS LAW

54. UHC incorporates by reference each and every allegation contained in Paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55. Defendant's unauthorized use of the UHC mark in connection with its services is likely to cause confusion or mistake or to deceive as to the source or origin of its services, resulting in unfair competition and deceptive trade practices in violation of the Deceptive Trade Practices Act under Illinois law, 815 ILCS 510.

56. The aforesaid acts of Defendant were committed willfully, with full knowledge of UHC's rights, and with the intention of deceiving and misleading the public and causing harm to UHC.

57. As a direct and proximate result of Defendant's unlawful acts, UHC has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

58. The acts of Defendant complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause UHC to suffer irreparable harm.

## COUNT V

## COMMON LAW TRADEMARK INFRINGEMENT

59. UHC incorporates by reference each and every allegation contained in Paragraphs 1 through 58 of this Complaint as though fully set forth herein.

60. UHC's use of the UHC mark predates any alleged use by Defendant.

61. The aforesaid acts of Defendant constitute trademark infringement in violation of common law.

62. The aforesaid acts of Defendant were committed willfully, with full knowledge of UHC's rights, and with the intention of deceiving and misleading the public and causing harm to UHC.

63. As a direct and proximate result of Defendant's infringing and unlawful acts, UHC has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

64. The acts of Defendant complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause UHC to suffer irreparable harm.

## COUNT VI

## COMMON LAW UNFAIR COMPETITION

65. UHC incorporates by reference each and every allegation contained in Paragraphs 1 through 64 of this Complaint as though fully set forth herein.

66. The aforesaid acts of Defendant constitute unfair competition in violation of common law.

67. The aforesaid acts of Defendant were committed willfully, with full knowledge of UHC's rights, and with the intention of deceiving and misleading the public and causing harm to UHC.

68. As a direct and proximate result of Defendant's infringing and unlawful acts, UHC has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial.

69. The acts of Defendant complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause UHC to suffer irreparable harm.

**WHEREFORE**, UHC requests that judgment be entered in its favor and against Defendant as follows:

1. Preliminarily and permanently enjoining Defendant, its successors, officers, agents, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of them, from using (including, but not limited to, in connection with the promotion, marketing, advertising, and sale of product) the UHC mark, and any other designation that is comprised of or incorporates the UHC mark, any colorable imitation thereof, or any otherwise confusingly similar mark;

2. Ordering that all products, labels, packaging, wrappers, signs, prints, banners, posters, brochures, or other advertising, marketing, or other promotional materials comprised of or bearing the UHC mark be recalled and destroyed, along with the means for making the same, and that all Internet web sites, online advertising, marketing, promotions, or other online materials bearing the UHC mark be removed permanently;

3. Permanently enjoining Defendant, its successors, officers, agents, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of them, from seeking to register the UHC mark and any other designation that is comprised of or incorporates the UHC mark, any colorable imitation thereof, or any otherwise confusingly similar mark;

4. Ordering Defendant to engage in corrective advertising with all distributors, vendors, sales representatives, and account managers that received products, labels, packaging, wrappers, signs, prints, banners, posters, brochures, or other advertising, marketing, or other promotional materials comprised of or bearing the UHC mark, to mitigate the damage done to Plaintiff's reputation, damage done to the distinctive quality of the UHC mark, and the harm to the goodwill associated with the UHC mark from Defendant's unlawful infringement and unfair competition;

5. Permanently enjoining Defendant, its successors, officers, agents, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of them, from engaging false advertising or in any other conduct that suggests or tends to suggest to the public that Defendant is in any manner, directly or indirectly, affiliated, connected, or associated with Plaintiff or that Defendant's services or commercial activities originate from or are sponsored or endorsed by Plaintiff;

6. Ordering Defendant, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve on Plaintiff's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

7. Declaring that Defendant's unauthorized use of the UHC mark infringes Plaintiff's rights in and to the UHC mark;

8. Declaring that Defendant's infringement was knowing, intentional, and willful;

9. Awarding Plaintiff compensation for any and all damages, injury, or harm incurred as a result of Defendant's unlawful conduct;

10. Ordering full restitution and/or disgorgement of all profits and benefits that may have been obtained by Defendant as a result of its wrongful conduct;

11. Awarding Plaintiff treble damages resulting from Defendant's willful and intentional conduct;

12. Awarding Plaintiff punitive and exemplary damages;

13. Assessing Plaintiff's costs of this action and Plaintiff's attorneys' fees against Defendant; and

14. Ordering or awarding any other such relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: September 17, 2013 | Respectfully submitted, |

/s/ Meredith M. Wilkes
Meredith M. Wilkes
mwilkes@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

David L. Witcoff (6183629)
dlwitcoff@jonesday.com
JONES DAY
77 West Wacker
Chicago, Illinois 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

*Attorneys for Plaintiff*
*University HealthSystem Consortium*