IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNIVERSITY HEALTHSYSTEM CONSORTIUM,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITEDHEALTH GROUP INCORPORATED,<br><br>    Defendant. | Case No.: 1:13-cv-6683<br><br>Honorable Robert M. Dow, Jr. |

**PLAINTIFF'S MOTION TO STRIKE DECLARATION OF THOMAS PAUL
IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

United bases its motion for summary judgment on the Declaration of Thomas Paul, its Chief Consumer Officer.   A review of the declaration reveals that it contains a number of "factual" assertions which lack foundation, are speculative and are based on inadmissible hearsay. The submission does not pass muster under the most lenient of evidentiary standards, much less the exacting review of evidence submitted in support of a dispositive motion.   As such, it should be stricken.

**II.    STATEMENT OF FACTS**

United supports its summary judgment motion with the declaration of its Chief Consumer Officer, Thomas Paul (the "Declaration").    (ECF No. 25 at 1; Paul Tr.[1] 20:2-4.)  ███████████████████████████████  ███  ██████████ ██████████████████████████ ██  ████  United relies on him to offer "testimony" on a broad range of topics, including the claimed historical uses of UHC dating back

to 1996. (ECF No. 25 at 1, ¶ 2.)  But even the script cannot save the Declaration. The sworn testimony reveals that it should be stricken in its entirety. Or, at a minimum, large portions of it should be stricken.

### III. LEGAL ARGUMENT

    A.    **A Declarant Must Have Personal Knowledge In Order To Offer A Declaration In Support Of A Summary Judgment Motion**

It is a "basic principle of summary judgment" that courts must "view the evidence strictly against the movant and favorably toward the party opposing the motion." *In re Snow (Janet); Koushel (Arthur) v. Snow (Janet)*, No. 92 B 24853, 1993 WL 428677, at *3 (N.D. Ill. Sept. 29, 1993) (internal citations omitted). The Declaration does not pass muster under any standard, much less the exacting evidentiary review at the dispositive motion stage.

Federal Rule of Civil Procedure 56(c)(4) requires that any declaration "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. of Evid. 602 (requiring

---

[1] Referenced excerpts from the transcript of United's 30(b)(6) designee, Thomas Paul, are attached collectively to Declaration of Angela Gott in support of this motion as Exhibit A.

personal knowledge of a witness). The basis for the personal knowledge must be specifically set forth in the declaration. *See Chicago Reg'l Council of Carpenters Pension Fund v. Woodlawn Cmty. Dev. Corp.*, No. 09 CV 3983, 2011 U.S. Dist. LEXIS 144243, at *20-21 (N.D. Ill. Dec. 15, 2011) (granting motions to strike where "affiants d[id] not explain how they have personal knowledge"). Blanket statements as to personal knowledge do not suffice. *Id.*

The standard is no different for a corporate officer. A court will "reject[] affidavits by corporate officers where the affiant officers failed to demonstrate personal knowledge." *Barner v. City of Harvey*, No. 95 C 3316, 1998 U.S. Dist. LEXIS 14937, 1998 WL 664951, at *4 (N.D. Ill. Sept. 16, 1998). This includes gaps when the officer was not with the company or in a different role during the pertinent timeframe. *See Cacique, Inc. v. V&V Supremo Foods, Inc.*, No. 03 C 4230, 2004 U.S. Dist. LEXIS 19839, at *3-5 (N.D. Ill. Sept. 29, 2004). But the Declaration meets none of the requirements set forth by the Federal Rules of Civil Procedure or Federal Rules of Evidence.

There is nothing on the face of the Declaration that establishes the requisite basis for personal knowledge. The declarant does not say how he knows any of the "facts" he asserts. The reason for this is plain. He does not. He cannot testify as to continuous use of "UHC" "my UHC" or anything else since 1996. ██████████████████████████
████████████████████████████████████████████████████ ██
████████ ████████████████████████████
████████████████████ ████████████████████████
██████████████████████████████████████████████ █
██████████████████████████████
████████████████████████████████████████

███████████████████████████████  ███████████████████████████

███████████████████████████████████ █

The Declaration, and each of the attachments, which purport to establish facts should not be considered. There is nothing to establish authenticity, foundation or why the materials are not hearsay. UHC submits that the deficiencies, specified below, so pervade the Declaration that it should be stricken in its entirety. When "inadmissible and admissible statements are so interwoven that disengagement is virtually impossible, the entire affidavit may be stricken." *First Nat'l Bank of Louisville v. Continental Illinois Nat'l Bank and Trust Co. of Chicago, IL*, No. 89 C 8464, 1989 WL 157276, at *1 (N.D. Ill. Dec. 18, 1989). This is a classic case of the inadmissible being so bound up in the rest so as to require that it be stricken in its entirety.

In the alternative, the following materials should be stricken:

- Exhibit A and Paragraph 2 of the Declaration;

- Exhibit B and Paragraph 3 of the Declaration;

- Exhibit C and the first sentence of Paragraph 4 of the Declaration

- Exhibit D and Paragraph 5 of the Declaration;

- Exhibit E and Paragraph 6 of the Declaration;

- Exhibit F and the statement in Paragraph 7 that ████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████;

- Exhibit G and Paragraph 8 of the Declaration;

- Paragraph 10 of the Declaration;

- Paragraph 11 of the Declaration;

- Paragraph 12 of the Declaration; and

- Exhibit I and the first bullet point relating to it in Paragraph 12 of the Declaration.

B.     **There is No Foundation for Any of the Exhibits**

The alleged historic use of UHC in Exhibits A, B and C should be stricken.    Nothing in the Declaration shows adequate personal knowledge to permit testimony on this point or to allow this particular witness to sponsor the "compilation of documents" attached as Exhibits A-C which allegedly supports it.    (ECF No. 25 at 1, ¶ 2; *id.* at 6-21.)    There is nothing in the Declaration to establish that any of the materials "are what they purport to be" as required by Federal Rule of Evidence 901.    On their face, it is obvious they are not internal to United.    ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████    Understandably, these statements do not appear in the Declaration.    Even if they did, it is not enough to satisfy the evidentiary threshold for admission.

Exhibit B fares no better. There is no foundation as to the alleged continuous use of the myuhc.com website since 1999. (ECF No. 25 at 1-2, ¶ 3.) The time span covers several years when ███████████████████, and his declaration offers no allegation that he possesses adequate personal knowledge while ███████████████ so as to enable him to make the statements. (Paul Tr. 20:7-12; ECF No. 25.)

Exhibit C is also lacking in the most basic showing of authenticity required by Rule 901 of the Federal Rules of Evidence. ████████████████████████████████████ ████████████ ████████████████ █ ████████████ █

Exhibits A, B, and C are classic hearsay, out of court statements offered for their truth. There is nothing in the Declaration which supports why they meet any exception to the hearsay prohibition. For this independent reason, they should be stricken.

To the extent a corporate officer relies on a company record, the officer must be able to establish that it qualifies as an exception to the hearsay rules. *U.S. Bank, N.A. v. Ramos*, No. 11 C 2899, 2013 WL 1498996, at *6-7 (N.D. Ill. Apr. 11, 2013) (citation omitted).[2] The officer must be able to "speak from personal knowledge that the documents [are] admissible business records," "explain the record-keeping procedures of the organization and be familiar with the company's record-keeping practices." *Id*. (citations omitted) Unless a hearsay exception applies, an officer's declaration "attest[ing] to the content and meaning of the records…is inadmissible hearsay." *First Nat'l Bank*, 1989 WL 157276, at *1. Yet that is precisely what

---

[2] For example, to establish that a company document qualifies as a business record exception to hearsay under Federal Rule of Evidence 803(6), the declarant must have personal knowledge as to the following: (1) that the document was prepared in the normal course of business; (2) that it was made at or near the time of the events it records; and (3) the document was based on the personal knowledge of the entrant or on the personal knowledge of an informant having a business duty to transmit the information

the declarant seeks to do. The problem is that nothing in the Declaration meets the requirements for admissibility. Exhibits A to C are not company records, and there is no testimony to support that they are. There is no testimony that they were made or maintained in the ordinary course of business. They are hearsay plain and simple. As such, for this independent reason, Exhibits A to C should be stricken. *See First National Bank*, 1989 WL 157276, at *1.

C.  **The Declaration Lacks Foundation As To Website Statistics**



Nor is there anything in the Declaration which demonstrates the declarant's familiarity with the very data referenced. Again, the basic showing that the declarant has personal knowledge as to the testimony in Paragraphs 5 to 8 of the Declaration (and the attachments referenced) is missing.

Further demonstrating why there is no foundation for any of the statements in those paragraphs is the reference to individuals who purported to provide the information. (ECF No. 25 at 2-3, ¶¶ 5-8.) But there is nothing to show that these people have adequate personal knowledge, either, or that the declarant knows that they do.

---

to the entrant. *U.S. Bank*, 2013 WL 1498996, at *6 (quotations omitted).

The omissions are intentional, the declarant cannot authenticate or establish the requisite foundation for Exhibits D, E, F or G.



Each of the Exhibits is hearsay and should be excluded on that independent basis, as well. There is nothing in the Declaration that establishes the foundational elements for any exception, business records or otherwise. *See U.S. Bank*, 2013 WL 1498996, at *6-7. There is nothing in the Declaration demonstrating a regularly conducted business activity, that the record was made at or near the time or event recorded, that it was recorded in the ordinary course or that it was maintained in the ordinary course. Accordingly, the materials are not admissible and should be stricken.

D. **The Paul Declaration Lacks Foundation As To Purported Prejudice**

The final topic in the Declaration relates to the alleged prejudice United will face should UHC be permitted to continue with its case. (ECF No. 25 at 3-5, ¶¶ 10-13.) Although a claim is made that United would have to "[r]etract all public advertising that uses 'UHC'" and that a "collection of examples of such advertising can be found at Exhibit I." (*Id.* at 4, ¶ 12.) The statement is without support. There is nothing to show what advertising the company does,

CLI-2177335         8

where, when, with what media, the spend, or how the declarant has knowledge of any of it. The deposition of United's Rule 30(b)(6) witness, Mr. Paul, demonstrates why this information was not included.



Indeed, the declarant was unable to say why the materials were included, whether they were relevant to his statements or whether any of the attached pages are what they purport to be rendering the statements and the attached Exhibit I inadmissible. (*Id*.)

### E. Paragraphs Relying on Stricken Exhibits Should Also Be Stricken

Paragraphs 10, 11 and 12 rely upon material that should be stricken. For example, in Paragraph 10 which provides "as shown by the facts set forth above…", Paragraph 11 "given that United has for over a decade…", and Paragraph 12 "all of the foregoing uses of 'UHC'." For the reasons that the Exhibits upon which they are premised should be stricken, so too should these paragraphs.

## IV. CONCLUSION

United is seeking to have UHC's entire case dismissed based on a declaration that is not even a colorable attempt to comply with either the Federal Rules of Evidence or the Federal Rules of Civil Procedure. For the foregoing reasons, UHC's motion to strike should be granted.

Dated: January 21, 2014  Respectfully submitted,

   /s/ *Meredith M. Wilkes*
Meredith M. Wilkes
mwilkes@jonesday.com
Anthony T. Jacono
atjacono@jonesday.com
Angela R. Gott
agott@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio   44114-1190
Telephone:     (216) 586-3939
Facsimile:     (216) 579-0212

David L. Witcoff (6183629)
dlwitcoff@jonesday.com
JONES DAY
77 West Wacker
Chicago, Illinois   60601-1692
Telephone:     (312) 782-3939
Facsimile:     (312) 782-8585

Attorneys for Plaintiff
University HealthSystem Consortium

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 21, 2014, the foregoing **PLAINTIFF'S MOTION TO STRIKE DECLARATION OF THOMAS PAUL IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was filed electronically with the Clerk of the Court for the Northern District of Illinois using the Court's Electronic Case Filing System, which will send notification to all attorneys of record in this case.

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

/s/ *Meredith M. Wilkes*
One of the Attorneys for Plaintiff

CLI-2177335